Opinion filed March 27, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00346-CR
_____

## ABRAM JERRY ALDACO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 396th District Court

Tarrant County, Texas

Trial Court Cause No. 1323018D

## M E M O R A N D U M   O P I N I O N

Abram Jerry Aldaco pleaded guilty in July 2013 to aggravated assault causing serious bodily injury. In accordance with a plea agreement, the trial court assessed Appellant's punishment at confinement for ten years and a fine of $600, suspended the imposition of the confinement portion of the sentence, and placed appellant on community supervision for a term of six years.

In September 2013, the State filed a motion to revoke Appellant's community supervision based upon Appellant's alleged violations of the terms and conditions of his community supervision. Later, the State filed an amended motion to revoke in which it alleged that Appellant had committed six violations of the terms and conditions of his community supervision. At a hearing on the State's amended motion to revoke, Appellant pleaded "true" to all of the alleged violations. The trial court revoked Appellant's community supervision and assessed his punishment at confinement for ten years. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief and advised Appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke

---

[1]By letter, this court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

2

community supervision. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

March 27, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.